**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY D. JUSTICE, II, : | |
| : | Case No. _____ |
| Plaintiff, : | |
| : | JURY TRIAL DEMANDED |
| v. : | |
| : | **COMPLAINT FOR VIOLATION OF THE** |
| CUBIC CORPORATION, BRADLEY H. : | **SECURITIES EXCHANGE ACT OF 1934** |
| FELDMANN, DAVID F. MELCHER, : | |
| PRITH BANERJEE, BRUCE G. BLAKLEY, : | |
| DENISE L. DEVINE, MAUREEN : | |
| BREAKIRON-EVANS, CAROLYN : | |
| FLOWERS, JANICE M. HAMBY, and : | |
| STEVEN J. NORRIS, : | |
| : | |
| Defendants. : | |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On February 7, 2021, Cubic Corporation ("Cubic" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by Atlas CC Acquisition Corp. ("Parent") and Atlas Merger Sub Inc. ("Merger Sub") (together, "Atlas") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Cubic's stockholders will receive $70.00 per share.

3. On March 26, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of Cubic common stock.

9. Defendant Cubic is a Delaware corporation. Cubic's common stock is traded on the NYSE under the ticker symbol "CUB."

10. Defendant Bradley H. Feldman is Chief Executive Officer, President, and Chairman of the Board of Directors of Cubic (the "Board").

11. Defendant David F. Melcher is a member of the Board.

12. Defendant Prith Banerjee is a member of the Board.

13. Defendant Bruce G. Blakley is a member of the Board.

14. Defendant Denise L. Devine is a member of the Board.

15. Defendant Maureen Breakiron-Evans is a member of the Board.

16. Defendant Carolyn Flowers is a member of the Board.

17. Defendant Janie M. Hamby is a member of the Board.

18. Defendant Steven J. Norris is a member of the Board.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

20. Cubic is a provider of integrated solutions that increase situational understanding for transportation, defense C4ISR, and training customers worldwide to decrease urban congestion and improve the militaries' effectiveness and operational readiness.

21. February 7, 2021, Cubic entered into the Merger Agreement, under which Cubic's stockholders will receive $70.00 per share.

22. The press release announcing the Proposed Merger provides as follows:

Cubic Corporation (NYSE: CUB) ("Cubic" or the "Company") today announced that it has entered into a definitive agreement (the "Agreement") with an affiliate of Veritas Capital ("Veritas"), under which Veritas and Evergreen Coast Capital Corporation ("Evergreen"), an affiliate of Elliott Investment Management L.P. ("Elliott"), will acquire Cubic for $70.00 per share in cash.

Under the terms of the Agreement, Cubic shareholders will receive $70.00 in cash for each share of Cubic's common stock they currently hold, representing a premium of approximately 58% to Cubic's unaffected closing stock price on September 18, 2020, the last trading day before the Company's disclosure of third-party interest in potentially acquiring Cubic. The all-cash transaction will be valued at approximately $2.8 billion, including the assumption of debt.

Following the closing of the transaction, the Company will remain based in San Diego, California. The transaction is expected to be seamless for customers and employees across Cubic's businesses.

Bradley H. Feldmann, Chairman, President and Chief Executive Officer of Cubic Corporation, said, "This transaction is in the best interests of our shareholders and provides them with a significant premium and liquidity – while accelerating future growth to the benefit of our employees and customers. Our success in attracting a premier, deeply experienced partner and securing a transaction at this premium reflects the positive momentum of our business. Although last fiscal year brought unprecedented challenges, Cubic was able to build on our strengths, protect our

3

people, serve our customers and deliver a value-maximizing deal for our shareholders. We look forward to partnering with Veritas and remain grateful to our customers for their trust and to our fellow CUBES for their unwavering commitment to delivering innovative, mission-critical solutions."

Ramzi Musallam, CEO and Managing Partner of Veritas, said, "Cubic has an unparalleled history of delivering innovative technology-based solutions to address the mission-critical needs of the global transportation and defense markets. We look forward to leveraging our expertise in the government technology market – a key focus of Veritas since our inception – in partnership with the team at Cubic to accelerate product development and drive growth as Cubic continues to improve the quality of global transportation systems and to deliver innovative defense solutions."

On behalf of Elliott, Jesse Cohn said, "Elliott believes this outstanding transaction maximizes value for Cubic's shareholders, and we are pleased to have engaged constructively with the Company's Board and management to reach this outcome. We look forward to partnering with Veritas and the Cubic team as we work through Cubic's next phase of growth as a private company." Elliott has entered into an agreement to vote its shares in support of the transaction.

**Transaction Details**

The transaction will be financed through a combination of equity and debt financing. The Board of Directors of Cubic has unanimously approved the Agreement and recommends that Cubic shareholders vote in favor of the transaction.

This summary of the Agreement is incomplete, and Cubic encourages shareholders to read the full Agreement included with the Company's current report on Form 8-K, which will be filed with the United States Securities and Exchange Commission in due course.

The transaction is expected to close during the second calendar quarter of 2021, subject to customary closing conditions, including the receipt of shareholder and regulatory approvals.

**Advisors**

J.P. Morgan Securities LLC is acting as lead financial advisor to the Company and Sidley Austin LLP and Faegre Drinker Biddle & Reath LLP are acting as the Company's legal counsel. Raymond James & Associates, Inc. provided the Board with an opinion regarding the fairness, from a financial point of view, of the consideration offered to Cubic shareholders.

Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal counsel to Veritas.

Gibson, Dunn & Crutcher LLP is acting as legal counsel to Evergreen.

23. On March 26, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Analyses

24. The Proxy fails to disclose material information regarding the financial analyses performed by J.P. Morgan Securities LLC ("J.P. Morgan") and Raymond James & Associates, Inc. ("Raymond James"), Cubic's financial advisors. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must be fairly disclosed.

25. The Proxy fails to disclose the following regarding J.P. Morgan's Public Trading Multiples Analysis: the individual multiples for the observed companies.

26. The Proxy fails to disclose the following regarding J.P. Morgan's Discounted Cash Flow Analysis: (i) the terminal values; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; (iii) Cubic's net debt; (iv) the benefits expected to be derived by Cubic from its utilization of estimated net operating loss carryforwards; and (v) the fully diluted number of shares of Cubic common stock.

27. The Proxy fails to disclose the following regarding J.P. Morgan's Selected Transaction Analysis: the individual multiples for the observed transactions.

28. The Proxy fails to disclose the following regarding J.P. Morgan's Analyst Price Targets for the Company analysis: (i) the observed price targets; and (ii) the sources of the price targets.

29. The Proxy fails to disclose the following regarding Raymond James' Selected Transaction Analysis: (i) the announcement and closing dates for the observed transactions; and

(ii) the total values of the observed transactions.

30. The Proxy fails to disclose the following regarding Raymond James' Discounted Cash Flow Analysis: (i) the basis for applying multiples ranging from 11.0x to 13.0x; (ii) the terminal values; (iii) the inputs and assumptions underlying the discount rates; (iv) Cubic's net debt; (v) the value of Cubic's net operating losses; and (vi) the number of diluted Cubic shares outstanding.

Financial Projections

31. The Proxy fails to disclose material information regarding Cubic's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by a company's financial advisor in support of its fairness opinion.

32. The Proxy fails to disclose the following regarding Cubic's financial projections: all line items used to calculate adjusted EBITDA.

Potential Conflicts of Interest

33. The Proxy fails to disclose material information regarding potential conflicts of interest.

34. The Proxy fails to disclose: (i) the timing and nature of any employment and retention-related discussions and negotiations that occurred between Veritas or Elliott and Cubic's officers, including who participated in all such communications; and (ii) whether any of Veritas' or Elliott's proposals referenced management retention in the combined company.

35. The Proxy also fails to disclose the amount of compensation Raymond James has received or will receive for the following:

Elliott Management has had delivery-on-payment accounts with Raymond James for purposes of clearing securities transactions, for which Raymond James has received customary fees periodically.

An affiliate of Raymond James holds a less than one percent interest in a fund affiliated with Veritas Capital Management L.P.

Raymond James represented Pixia Corp., a subsidiary of Cubic Corporation, in its acquisition by Cubic Corporation, for which Raymond James received fees.

Cubic Corporation has a loan outstanding with Raymond James Bank, N.A., an affiliate of Raymond James, for which Raymond James Bank, N.A. has received fees.

36. If disclosed, the omitted information would significantly alter the total mix of information available to Cubic's stockholders.

## COUNT I

**Claim Against the Individual Defendants and Cubic for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

37. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

38. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

39. Cubic is liable as the issuer of these statements.

40. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

41. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

43. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

44. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

45. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

46. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

47. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Cubic within the meaning of Section 20(a) of the Exchange Act as alleged herein.

49. Due to their positions as officers and/or directors of Cubic and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these

statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

52.     The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

53.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

54.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

55.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

56.     Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.      In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary

to make the statements contained therein not misleading;

     D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

     E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

     F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  April 8, 2021

**GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*